# CIRCUIT COURT OF LOUDOUN COUNTY

In re Estate of
John Barcroft McCarty

April 14, 1993

BY JUDGE THOMAS D. HORNE

Since this case was last heard, the executor has filed a motion to permit review of the hearing transcript by counsel retained by the executor on behalf of the estate. The executor is an attorney licensed to practice law in this Commonwealth. He suggests that such a review is necessary as a predicate to the presentation of additional argument on the matter of the exception taken by him to the report of the commissioner. The Court finds the employment of counsel for such a purpose unnecessary to a proper adjudication of the issue raised by the exception. That singular issue is the amount of compensation to be awarded to the executor for services rendered the estate.

In the settling of the instant account of the Executor, the Commissioner shall:

> allow the fiduciary any reasonable expenses incurred by him as such; and also, except in cases to which it is otherwise provided, a reasonable compensation, in the form of a commission on receipts, or otherwise. § 20–30, Code of Virginia, as amended.

Thus, the linchpin to an award of compensation is the rule of reason. Each case must be evaluated and judged on its own facts. Accordingly:

> The value of the estate, the character of the work, the difficulties encountered, and the results obtained must all be remembered in reaching a judgment. The report of the commissioner must stand unless it is erroneous on its face. Compensation to fiduciaries is a veritable wellspring of litiga-

tion (authority omitted). *Grandy* v. *Grandy*, 177 Va. 601, 603 (1941).

The commissioner has refused to approve the $39,000.00 in commissions claimed by the executor.

During the course of the administration of the instant estate, the executor found that the testamentary trust created by Mr. McCarty could not be funded without selling a portion of the real property included in the residuary estate. Under the terms of the will, that portion of the property not specifically devised to his two children passed to his wife. Mr. McCarty predeceased his wife. Upon the death of Mrs. McCarty, her interest in the property passed to the two children. Thus, Mr. and Mrs. McCartys' two children, by the will of their father and through the residuary clause and the estate of their mother became tenants in common of the entire tract owned by their father at his death.

The two children expressed their desire to the executor of the estate of Mr. McCarty that they did not want a portion of the property sold to satisfy the funding of the trust. Thus, it was agreed upon by the children and the executor that the estate of Mrs. McCarty would provide the necessary cash to fund the trust and cover the costs of administration of estate of Mr. McCarty. Accordingly, the executor of the estate of John McCarty executed two promissory notes payable to the estate of his wife. These notes were then to be assigned to the two children of Mr. and Mrs. McCarty. It has been represented to the commissioner that the children would receive payment on the notes through distributions from the estate Mrs. McCarty. This then permitted the executors and beneficiaries of the two estates to convey by deed three separate parcels to the two children. The creation of the three parcels was in conformity with the zoning requirements for open space and consistent with the interests of the children in the subject parcel.

While the executor of the estate of John McCarty was cloaked with the power to sell so much of the real estate as was necessary to satisfy the funding requirements of the trust, this does not automatically entitle him to a 5% commission on the property not specifically devised to the children and otherwise conveyed to Mrs. McCarty under the terms of the residuary clause of his will. The Court has observed in cases of in kind distributions that terms power of sale and right of sale are not synonymous. *Virginia Trust Co.* v. *Evans*, 193 Va. 425, 432 (1952). The "right to sell" is described as being "used in the sense of

doing that which is proper or correct, in adherence to duty and necessity . . . ." *Virginia Trust Co.*, at 432.

Under the circumstances of this case, this Court finds that the claimed commission is not reasonable and will sustain the exception of the Commissioner. Based upon a review of the record, the Court will order that, as to the commissions claimed on the real estate transferred by the executor or otherwise subject to his power of sale, he be awarded a commission of 4% on that portion of the property and improvements thereon not specifically conveyed to the children pursuant to Articles II and III of the last will and testament of John McCarty. As to the remaining commissions claimed, the Court will award a commission of 5%. This will result in a total commission approved by the Court of $32,300.00 calculated as follows:

Amount to deducted from claimed commission:

| | |
|---|---|
| 57.1093 acres at 6900/acre | 394,054.00 x 1% = 3940.54 |
| House and one acre | 225,000.00 x 1% = 2250.00 |
| 1/2 interest in 4.5 acres | 58,300.00 x 1% = <u>583.00</u> |
| | $6773.54 |

39,073.00 (commissions previously claimed)
<u>-6,773.00</u> (less 1% on realty <u>only</u>)
32,300.00

This reflects a lowering of the commission in the real estate transfers from 5% to 4%. While the handling of the real estate was not something, "[n]o wayfaring man could have undertaken . . . with safety," it reflects the time and effort expended by the executor in carrying out the wishes of the beneficiaries. *Grandy, supra*, at 609. It is a reasonable commission.

The commission fully and fairly compensates the executor not only for the requirements placed upon him to manage this estate, but for the manner in which he, among other things, negotiated the loan of the money to fund the trust, preserved the real property so that it could be divided in accordance with the wishes of the children and the applicable zoning laws, and exercised his power to convey in order to accommodate the desires of the beneficiaries and the intent of the testator.